Errol H. Stambler, Esq.
10880 Wilshire Blvd., Suite 1101
Los Angeles, California 90024
O:     (310) 473-4525
Email:estambler@msn.com
California State Bar Number: 58374

Party for: GORDON DRIVER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> PLAINTIFF/RESPONDENT <br><br> V. <br><br> GORDON DRIVER, <br><br> DEFENDANT/PETITIONER, | CV:  19-01928-JAK <br> CR: 12-CR-00967-JAK <br><br> APPLICATION FOR A CERTIFICATE OF APPEALABILITY |

TO THIS HONORABLE COURT:

The Defendant, Gordon Driver, through his attorney, Errol H. Stambler, files a Motion for the Court to issue a certificate of appealability on the following Arguments presented to the Court:

B. The number of investors used to calculate the loss and the number of investors used to calculate the guideline range;
C. The failure of the Indictment and the Plea Agreement to mention or allude to the foreign investors used in calculating the Guidelines
D. The use of Relevant Conduct in arriving at the guideline range
E. The amount of restitution Ordered by the Court.

Dated: February 21, 2025          Respectfully submitted,

_____/s_____
Errol H. Stambler
Attorney at Law

1 | P a g e

## SUMMARY

On March 15, 2015, the Petitioner filed his 28 U.S.C. 2255 Habeas Petition (Doc. #2, LA CV 19-01928-JAK). The Government filed their opposition on July 18, 2022 (Doc. #36). On November 12, 2024 (Doc.# 53), the Court partially denied the writ and proposed an evidentiary hearing on the issue of immigration advisement.

Concurrent with this motion for appealability on the denied arguments in Petitioner's Habeas, the Petitioner withdraws "Argument A" as advice on immigration status. Therefore, the Habeas as it stands with the Court is completed and ripe for this Application of a Certificate of Appealability as to the remaining Arguments denied by the Court.

## BASIS IN LAW TO ISSUE THE CERTIFICATE OF APPEALABILITY

### ARGUMENT B AND C

The Court adopted the findings of the Probation Department as to the "number of investors" of more than 50 victims, combining Canadian and American investors, as well as the amount of loss again combining Canadian and American investors. These two issues alone accounted for a plus of 24 guideline points. This finding had severely affected the custodial terms imposed by this Court. This calculation also affected the difference between a non-aggravated sentence and an aggravated conviction for immigration consequences. It should be further noted that Canada did not file any criminal charges against the Petitioner, nevertheless the Government used events that did not occur within the jurisdictional boundaries of the United States.

### ARGUMENT D AND E

The use of extraterritorial jurisdiction also affected this case. All the Canadian investors actions occurred outside the United States, and their investment was in Canada, as opposed to the United States investors, who affected the sentence to the Petitioner.

The combinations of loss amount, restitution amount, and number of investors can differ in the findings and application of such issues among the judiciary, and a certificate of appealability on these issues is requested.

## THE CASE LAW

In *Slack v. McDaniel*, 529 U.S. 473, 484-484 (2000), the United States Supreme Court held that the previously applicable "debatable among jurists of reason" standard of the United States Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880, 892-893 (1984), to determine a "colorable showing of constitutional error," was codified in the language "substantial showing of a denial of a constitutional right" necessary for the issuance of a certificate of appealability under 28 U.S.C. § 2253(c)(2).

In *Turner v. Calderon* (9th Cir. 2002) 281 F.3d 851, 864-65:

"We must "construe [Turner's] notice of appeal as a request for a certificate of appealability, and issue the certificate of appealability as to the issues that satisfy the standard for issuance." *Sassounian v. Roe*, 230 F.3d 1097, 1100 (9th Cir. 2000). AEDPA authorizes a certificate of appealability "` if the applicant has made a substantial showing of the denial of a constitutional right.'" Id. (quoting 28 U.S.C. § 2253(c)(2)). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484, 120 S.Ct. 1595 (internal quotations omitted); see also Sassounian, 230 F.3d at 1101. Thus, "[w]here a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. 1595."

Moreover, a claim denied by the district court on its merits warrants the issuance of a COA when it presents a "question of some substance." Questions of some substance include those (1) that are "debatable among jurists of reason;" (2) "that a court could resolve in a different manner;" (3) that are "adequate to deserve encouragement to proceed further;" or (4) that are not "squarely foreclosed by statute,

rule or authoritative court decision, or ...[that are not] lacking any factual basis in the record." *Barefoot*, 463 U.S. at 893 n.4, 894.

Further, this threshold inquiry does not require full consideration of the factual or legal bases adduced to support the claim. The statute forbids it. A court that sidesteps this process by first deciding the merits of an appeal and then justifies its denial of a COA based on its adjudication of the actual merits is, in essence, deciding an appeal without jurisdiction. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The Ninth Circuit has several times highlighted the low bar imposed to obtain a COA, describing the standard as "relatively low" (*Beardslee v. Brown*, 393 F. 3d 899, 901 (9th Cir. 2004)) and "modest" – only requiring that "the issues are debatable among jurists of reason." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000).   Making this point even more explicit, the Ninth Circuit has also held that courts "must resolve doubts about the propriety of a COA in the petitioner's favor." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir.2002)

In *Buck v. Davis*, 137 S. Ct. 759 (2017), the Supreme Court revisited the issue of COAs and the standard by which they should be granted or denied. There, a petitioner who had been sentenced to death alleged IAC after his defense counsel called a witness to testify that the Petitioner was more likely to commit further crimes because of his race—Id. at 736. After the district court denied the Petitioner's habeas motion, the Fifth Circuit denied his motion for a COA because he had not shown "extraordinary circumstances" in the habeas context. Id. at 772. The Supreme Court, however, criticized the Fifth Circuit's approach and reversed it. On this point, the Court held that the Fifth Circuit had done precisely what *Slack* and *Miller-El* prohibited – denying a COA because of a decision on the merits. See id. at 773. Specifically, the Court reiterated, "The COA inquiry, we have emphasized, is not coextensive with a merits analysis. At the COA stage, the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." This threshold question should be decided without "full consideration of the factual or legal bases adduced in support of the claims."

"When a court of appeals sidesteps [the COA] process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is, in essence, deciding an appeal without jurisdiction." Id. at 13 (citations omitted).

Again echoing *Miller-El*, the Court held, "Thus, when a reviewing court (like the Fifth Circuit here) inverts the statutory order of operations and "first decid[es] the merits of an appeal, . . . then justif[ies] its denial of a COA based on its adjudication of the actual merits," it has placed too heavy a burden on the prisoner at the COA stage." Id. at 774. In the end, the Court not only reversed the denial of a COA but decided the Petitioner's case on the merits, holding he had indeed received ineffective assistance of counsel. Id. at 779-80.

Under any of the four *Barefoot* situations listed above, it would be reasonable for this Court to issue a certificate of appealability as to the issues raised in Petitioner's Habeas Petition, especially in light of the low bar imposed for a Petitioner to obtain a COA under *Slack* and its progeny as well as the fact that it took this Court four years to deny the Habeas in part.

## CONCLUSION

It is requested that the Court grant a Certificate of Appealability regarding the issues presented in the Application filed in this Court.

As stated in the opinion of *Haywood v. Marshall* (2010) 9th Cir., 603 F.3d 546, 553:

"The standard for a certificate of appealability is lenient. Hayward need only "'sho[w] that reasonable jurists could debate'" the district court's resolution or that the issues are "'adequate to deserve encouragement to proceed further.'" This showing requires "something more than the absence of frivolity," but something less than a merits determination (which we lack jurisdiction to make, absent a certificate of appealability).

Dated February 21, 2025                          Respectfully submitted,


                                                 _____/s_____
                                                 Errol H. Stambler
                                                 Attorney for Petitioner